# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN MANIGO, | No. 3:18-CV-01767 |
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Saporito) |
| SUPERINTENDENT, SCI DALLAS, PA STATE ATTORNEY GENERAL, LACKAWANNA COUNTY DA, | |
| Respondents. | |

## ORDER

### AUGUST 12, 2019

Petitioner filed the instant petition for writ of habeas corpus on September 6, 2018, and it was jointly assigned to the undersigned and to a magistrate judge. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1]  Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2]

On June 17, 2019, Magistrate Judge Joseph F. Saporito, Jr., to whom this matter is jointly assigned, issued a thorough and well-written report and

---

[1]  28 U.S.C. 636(b)(1)(B).

[2]  28 U.S.C. 636(b)(1).

recommendation recommending that the petition be dismissed and no certificate of appealability issue.

Petitioner filed well-written, albeit lengthy, objections to the report and recommendation on July 1 and 2, 2019.[3] When objections are timely filed, the District Court must conduct a de novo review of those portions of the report to which objections are made.[4] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent that it deems proper.[5] For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[6] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[7]

---

[3] ECF Nos. 29 and 30.

[4] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir.2011).

[5] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[6] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).

[7] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

Because I write solely for the parties, I will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. I have conducted a de novo review here and found no error. Although the Petitioner has advanced cogent arguments, they are legally unavailing. The recommendation of the magistrate judge was correct, and will be adopted.

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Joseph F. Saporito, Jr.'s June 17, 2019 Report and Recommendation, ECF No. 28, is **ADOPTED in full**.

2. Petitioner Nathan Manigo's Petition for Writ of Habeas Corpus, September 6, 2018, ECF No. 1, is **DISMISSED**.

3. No certificate of appealability shall issue.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge